[4 NYS3d 891]

In the Matter of RUDOLPH RONALD D'AMATO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 8, 2015

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated July 28, 2014 (2014 NY Slip Op 78974[U]), the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (1) (1) (i) and (iii), based upon his failure to cooperate with the Grievance Committee for the Tenth Judicial District and other uncontroverted evidence of professional misconduct. Further, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, based upon a verified petition dated December 20, 2013, which contained seven charges of professional misconduct. The petition alleged that the respondent was guilty of violating his fiduciary duty as an escrow agent by failing to account for estate funds entrusted to him; engaging in conduct prejudicial to the administration of justice and adversely reflecting on his fitness as a lawyer by failing to comply with a court order requiring him to file an accounting as attorney-in-fact with the Surrogate's Court, Nassau County; engaging in conduct adversely reflecting on his honesty, trustworthiness, or fitness as a lawyer by failing to execute his responsibilities as an executor and attorney-in-fact with the honesty required of a fiduciary; misappropriating funds entrusted to him as a fiduciary; and engaging in conduct prejudicial to the administration of justice and adversely reflecting on his fitness as a lawyer by failing to cooperate with the Grievance Committee. The respondent was directed to serve and file an answer to the verified petition dated December 20, 2013, within 20 days after service upon him of the decision and order on motion, and the issues raised by the verified petition, and any answer thereto, were referred to the Honorable Arthur Cooperman, as Special Referee, to hear and report.

On August 13, 2014, the Grievance Committee served this Court's decision and order on motion dated July 28, 2014, along with notice of entry, upon the respondent by affixing them to the front door of his office/residence located at 14 Anchor Way, Port Washington, New York, as authorized by this Court. In addition, the respondent was served via regular mail and certified mail, return receipt requested, on August 15, 2014. An affidavit of service was duly filed with this Court on August 19, 2014.

More than 20 days have elapsed since the respondent was served with the decision and order on motion of this Court dated July 28, 2014. To date, the respondent has failed to serve

and file an answer to the verified petition dated December 20, 2013, as directed.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default.

On November 25, 2014, the motion papers were served upon the respondent by affixing it to the front door of his office/residence located at 14 Anchor Way, Port Washington, New York. In addition, the respondent was served via regular mail and certified mail, return receipt requested, on November 26, 2014. The respondent has neither opposed the instant motion nor interposed any response thereto.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition dated December 20, 2013 are deemed established, and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and MALTESE, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Rudolph Ronald D'Amato, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Rudolph Ronald D'Amato, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Rudolph Ronald D'Amato, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Rudolph Ronald D'Amato, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency

and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).